IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL M. WOODS, : | |
|     Petitioner, : | |
|     v. : | Civ. No. 07-347-JJF |
| THOMAS CARROLL, : | |
| Warden, and ATTORNEY : | |
| GENERAL OF THE STATE : | |
| OF DELAWARE, : | |
|     Respondents. : | |

**MEMORANDUM ORDER**

Petitioner Daniel M. Woods has filed a Motion For The Appointment Of Counsel. (D.I. 5.) Petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Instructive factors affecting a court's decision regarding the appointment of counsel include: (1) the merits of the petitioner's claim; (2) the petitioner's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; and (5) the degree to which the case turns on credibility determinations or expert testimony. <u>Tabron</u>, 6 F.3d at 155-156.

Here, Petitioner requests the appointment of counsel because he cannot afford legal representation, his incarceration limits his ability to litigate the issues in his Petition, and he believes that counsel would be better able to present evidence and cross-examine witnesses. However, after reviewing Petitioner's motion and the documents filed in the instant proceeding, the Court concludes that the case is not so factually or legally complex at this juncture that it requires the appointment of counsel. Petitioner's claims appear to be fairly "straightforward and capable of resolution on the record," and Petitioner appears to have a sufficient understanding of these issues to coherently present his case. <u>Parham v. Johnson</u>, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the

ultimate resolution of the Petition will depend upon credibility determinations.

10/31/07
DATE

[signature]
UNITED STATES DISTRICT JUDGE