IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Daniel M. Woods,
       Petitioner
V.
Thomas L. Carroll, Warden,
Attorney General of the
State of Delaware,
       Respondents.

Civil Action No.
07-347-JJF



FILED
FEB 11 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

Requesting Petitioners Habeas Corpus
To Proceed Forward. And have
Respondents File There Answer.

1. The States had an exstention of time to Respond since July 10, 2007.
2. Petitioner has Recieved his Ruling on an case that was open in Supreme Court (see attach)
3. The Supreme Court failed to address the crux and Petitioners exhibits.
4. The Court Continues to change Petitioners arguments, I'm not arguing acergated sentences as the Lower Court trys to make it sound.
5. My Complaint is, The Court has failed to credit Petitione with time served, serving same sentences twice after its completed.

6. THE Court (Superior and Supreme) dismissed petitioners Mandamus, Correction of illegal Sentence even after petitioner showed the Respondants Lie to the Court and admitted to making errors in petitioners Sentence. (Yet No Court has Fixed it)

7. Petitioner is acting Prose and very Limited, THE Lower Courts' held petitioner to such a high Standard instead of Reviewing under THE Miscarrage OF Justice.

2-6-08

Respectfully

Daniel M. Woods

Daniel M. Woods

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL M. WOODS, | § | |
| | § | No. 540, 2006 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware, in and |
| v. | § | for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 81002879DI |
| Appellee. | § | |

Submitted: December 7, 2007
Decided:   February 4, 2008

Before **STEELE,** Chief Justice, **HOLLAND** and **BERGER,** Justices.

## ORDER

This 4th day of February 2008, upon consideration of the parties' briefs, supplemental memoranda, and the Superior Court record[1] in this appeal from the denial of the appellant's motion for correction of sentence, it appears to the Court that:

(1) In 1981 and 1982, the appellant, Daniel M. Woods, was convicted of criminal offenses and was sentenced. Woods remained incarcerated between 1981 and 1989, at which time he was released on parole.

---

[1] The Court reviewed the available Superior Court record in *State v. Woods*, Del. Super., Cr. ID No. 81002879DI and the record in the related Superior Court case *Woods v. Williams*, Del. Super., C.A. No. 05M-08-042.

(2) In 1990, the Board of Parole ("the Board") revoked Woods' parole and good time credits and ordered that he serve the balance of his sentence. Woods remained incarcerated until September 2002 when he was again released on parole. In 2004, the Board again revoked Woods' parole and good time credits and ordered that he serve the balance of his sentence.

(3) In August 2005, Woods filed a petition for a writ of mandamus in the Superior Court.[2] Woods claimed, first, that the Board was without jurisdiction to revoke his good time credits. Second, Woods claimed that the Department of Correction had improperly aggregated his sentences for the purpose of calculating his good time credits.

(4) By order dated December 20, 2006, the Superior Court denied Woods' mandamus petition. As part of that decision, the Superior Court concluded that the Department of Correction had the authority to aggregate Woods' sentences for the purpose of determining his good time credits. Woods filed an appeal.[3] By order dated March 15, 2007, this Court affirmed the Superior Court's December 20, 2006 decision.[4]

(5) In June 2006, Woods filed a "motion for correction and credit of an illegal sentence." In August 2006, Woods filed a "motion for

---

[2] *Woods v. Williams*, Del. Super., C.A. No. 05M-08-042.
[3] *Woods v. Williams*, Del. Supr., No. 2, 2007.
[4] *Woods v. Williams*, 2007 WL 773383 (Del. Supr.).

2

correction of sentence." In both motions, Woods repeated the claim that the Department of Correction had improperly aggregated his sentences to calculate his good time credits.[5]

(6) By order dated September 20, 2006, the Superior Court denied the "motion for correction of sentence" as untimely under Superior Court Criminal Rule 35(a) and (b).[6] This appeal followed. In its December 20, 2006 decision, the Superior Court declined to address the "motion for correction and credit of an illegal sentence" on the basis that the issues presented in that motion were decided on September 20, 2006.

(7) On March 19, 2007, the State filed a letter suggesting that the Court's March 15, 2007 decision affirming the denial of Woods' mandamus petition resolved the issues presented in this appeal from the denial of Woods' "motion for correction of sentence." The Court has carefully reviewed the parties' briefs, supplemental memoranda, and the relevant Superior Court record and agrees that the issues raised in this appeal were

---

[5] Woods' June 2006 "motion for correction and credit of an illegal sentence" was referred to the Superior Court judge who was assigned the mandamus petition. Woods' August 2006 "motion for correction of sentence" was referred to a different Superior Court judge.

[6] *See* Del. Super. Ct. Crim. R. 35(a), (b) (providing that, under normal circumstances, a motion for correction of a sentence imposed in an illegal manner must be filed within ninety days of the sentencing order).

3

considered and decided by the Court in its March 15, 2007 decision affirming the denial of Woods' mandamus petition.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Randy Holland_
Justice

---

[7] See Black v. State, 2005 WL 1950203 (Del. Supr.) (citing Brittingham v. State, 705 A.2d 577, 579 (Del. 1998)) (discussing the "law of the case" doctrine).

I/M Daniel M. Weeds
SBI# 164228  UNIT 22-B-04
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Legal Mail

$00.41 FEB 08 2008
PITNEY BOWES
MAILED FROM ZIPCODE 19977

United States District Court
844 N. King St. Lockbox 18
Wilmington, De.
19801 USMS
X-RAY

Legal Mail