# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DANIEL M. WOODS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ.Act.No. 07-347-JFF |
| | ) |
| **PERRY PHELPS**, Warden | ) |
| and **JOSEPH R. BIDEN, III**, Attorney | ) |
| General for the State of Delaware | ) |
| | ) |
| Respondents.[1] | ) |

## MOTION TO LIFT STAY

Respondents move to lift the stay of Daniel M. Woods' petition for federal habeas relief. In support thereof, respondents submit:

1. The petitioner, Daniel Woods, has applied for federal habeas relief, alleging error by the state courts. D.I. 2. At the time Woods had filed the instant petition, he also had a matter pending before the Delaware Supreme Court, which alleged the same grounds for relief raised in his federal habeas petition. In light of the duplicative filings, respondents had moved to stay Woods' federal habeas action pending the Delaware Supreme Court's resolution of Mr. Woods' state court claims. *See* D.I. 21.

2. On February 4, 2008, the Delaware Supreme Court issued an order in *Woods v. State*, No. 540, 2006 (Order) (Del. Supr.) (Ex. A), which involved the same basis for relief Mr. Woods has presented in his federal habeas petition. Counsel for respondents received the Court's order on February 5, 2008. In light of the foregoing,

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Perry Phelps was named Warden, effective January 7, 2008.

counsel anticipates that the answer to Mr. Woods' federal petition should be completed in the ordinary course of business on or before March 5, 2008.

3.   Respondents request that the stay of Mr. Woods' federal petition be lifted and that respondents be given until March 5, 2008 to file their answer to Mr. Woods' petition for federal habeas relief. Respondents submit herewith a proposed order.

                                            Kevin M. Carroll
                                            Deputy Attorney General
                                            Department of Justice
                                            820 N. French Street
                                            Wilmington, DE 19801
                                            (302) 577-8500
                                            Del. Bar. ID No. 4836

DATE: February 12, 2008

## RULE 7.1.1 CERTIFICATION

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

Kevin M. Carroll
Deputy Attorney General

Counsel for Respondents

Date: February 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2008, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on February 12, 2008, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

>Daniel M. Woods
>SBI No. 00164728
>Delaware Correctional Center
>1181 Paddock Road
>Smyrna, DE 19977

>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ /s/ Kevin M. Carroll
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Kevin M. Carroll
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ~~Deputy~~ Attorney General
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Department of Justice
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ 820 N. French Street
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Wilmington, DE 19801
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ (302) 577-8500
>‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ Del. Bar. ID No. 4836

Date: February 12, 2008

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DANIEL M. WOODS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ.Act.No. 07-347-JFF |
| | ) |
| **PERRY PHELPS**, Warden | ) |
| and **JOSEPH R. BIDEN, III**, Attorney | ) |
| General for the State of Delaware | ) |
| | ) |
| Respondents. | ) |

### ORDER

This _____ day of _____, 2008,

WHEREAS, respondents having moved to stay petitioner's federal habeas application pending resolution of petitioner's state court claims, and

WHEREAS, the Delaware Supreme Court has issued its order denying petitioner state court relief on February 4, 2008,

IT IS HEREBY ORDERED that respondents' answer shall be filed on or before March 5, 2008.

_____
United States District Judge

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL M. WOODS, | § § | No. 540, 2006 |
| Defendant Below, Appellant, | § § § | Court Below—Superior Court of the State of Delaware, in and for New Castle County |
| v. | § § | |
| STATE OF DELAWARE, | § § | |
| Plaintiff Below, Appellee. | § § § | Cr. ID No. 81002879DI |

Submitted: December 7, 2007
Decided: February 4, 2008

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices.

### ORDER

This 4th day of February 2008, upon consideration of the parties' briefs, supplemental memoranda, and the Superior Court record[1] in this appeal from the denial of the appellant's motion for correction of sentence, it appears to the Court that:

(1) In 1981 and 1982, the appellant, Daniel M. Woods, was convicted of criminal offenses and was sentenced. Woods remained incarcerated between 1981 and 1989, at which time he was released on parole.

---

[1] The Court reviewed the available Superior Court record in *State v. Woods*, Del. Super., Cr. ID No. 81002879DI and the record in the related Superior Court case *Woods v. Williams*, Del. Super., C.A. No. 05M-08-042.

*Ex A.*

(2) In 1990, the Board of Parole ("the Board") revoked Woods' parole and good time credits and ordered that he serve the balance of his sentence. Woods remained incarcerated until September 2002 when he was again released on parole. In 2004, the Board again revoked Woods' parole and good time credits and ordered that he serve the balance of his sentence.

(3) In August 2005, Woods filed a petition for a writ of mandamus in the Superior Court.[2] Woods claimed, first, that the Board was without jurisdiction to revoke his good time credits. Second, Woods claimed that the Department of Correction had improperly aggregated his sentences for the purpose of calculating his good time credits.

(4) By order dated December 20, 2006, the Superior Court denied Woods' mandamus petition. As part of that decision, the Superior Court concluded that the Department of Correction had the authority to aggregate Woods' sentences for the purpose of determining his good time credits. Woods filed an appeal.[3] By order dated March 15, 2007, this Court affirmed the Superior Court's December 20, 2006 decision.[4]

(5) In June 2006, Woods filed a "motion for correction and credit of an illegal sentence." In August 2006, Woods filed a "motion for

---

[2] *Woods v. Williams*, Del. Super., C.A. No. 05M-08-042.
[3] *Woods v. Williams*, Del. Supr., No. 2, 2007.
[4] *Woods v. Williams*, 2007 WL 773383 (Del. Supr.).

2

correction of sentence." In both motions, Woods repeated the claim that the Department of Correction had improperly aggregated his sentences to calculate his good time credits.[5]

(6) By order dated September 20, 2006, the Superior Court denied the "motion for correction of sentence" as untimely under Superior Court Criminal Rule 35(a) and (b).[6] This appeal followed. In its December 20, 2006 decision, the Superior Court declined to address the "motion for correction and credit of an illegal sentence" on the basis that the issues presented in that motion were decided on September 20, 2006.

(7) On March 19, 2007, the State filed a letter suggesting that the Court's March 15, 2007 decision affirming the denial of Woods' mandamus petition resolved the issues presented in this appeal from the denial of Woods' "motion for correction of sentence." The Court has carefully reviewed the parties' briefs, supplemental memoranda, and the relevant Superior Court record and agrees that the issues raised in this appeal were

---

[5] Woods' June 2006 "motion for correction and credit of an illegal sentence" was referred to the Superior Court judge who was assigned the mandamus petition. Woods' August 2006 "motion for correction of sentence" was referred to a different Superior Court judge.
[6] *See* Del. Super. Ct. Crim. R. 35(a), (b) (providing that, under normal circumstances, a motion for correction of a sentence imposed in an illegal manner must be filed within ninety days of the sentencing order).

3

considered and decided by the Court in its March 15, 2007 decision affirming the denial of Woods' mandamus petition.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland
Justice

---

[7] *See Black v. State*, 2005 WL 1950203 (Del. Supr.) (citing *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998)) (discussing the "law of the case" doctrine).

4