## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DANIEL M. WOODS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-347-JFF |
| | ) | |
| **PERRY PHELPS**, Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents.[1] | ) | |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On May 24, 2007, Daniel Woods filed a petition for a writ of habeas corpus. *See* D.I. 2, at 16. Woods claims that Delaware officials have failed to appropriately credit his sentence for times he was incarcerated between 1981 and 2007. Furthermore, Woods seems to suggest that Delaware officials have failed to properly credit his numerous criminal sentences in accordance with Delaware law. *See* D.I. 4, at "Argument #1" (citing 11 Del. C. § 3901A)-(c)). *See also id.* at "Argument #2; *id.* at "Argument #4"; *id.* at "Count #5". The Delaware Supreme Court rejected Woods' contentions in two separate orders. *See Woods v. Williams*, 2007 Del. LEXIS 110 (Del. Supr.) ("*Woods I* at __"); *Woods v. State*, 2008 Del. LEXIS 52 (Del. Supr.) ("*Woods II* at __"). Underlying both orders was the Supreme Court's finding that Woods had not shown that he was

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Perry Phelps was named Warden effective January 7, 2008.

underlying matter. *See Woods I* at *5 ("Woods' argument that the Board lacked jurisdiction to revoke his parole, revoke his good time credits and re-impose his Level V sentences upon finding that he had violated his parole is without merit. His good time credits did not "vest" after the completion of the sentence imposed for each individual offense. Moreover, Williams and DOC had the authority to aggregate Woods' sentences for purposes of calculating his good time credits."); *Woods II* at *4 (adopting *Woods I*).

Woods is not entitled to federal habeas relief. As an initial matter, Woods' petition includes allegations that go back as far as 1981. Under the revised-AEDPA, Woods' petition regarding these claims is clearly untimely. *See* 28 U.S.C § 2244(d)(1) (establishing one-year limitation period). *See also Scott v. Burris*, 2008 U.S. Dist. LEXIS 13523, *4-11 (D. Del.) (describing rule). And Woods' petition should be rejected on this ground.

Moreover, Woods' petition fails to present an issue appropriate for federal habeas relief. In its purest form, Woods' argument suggests that he was entitled to various amounts of good-time credit under Delaware law. *See, e.g., Woods I* at *5. Such an argument resounds in state law and does not provide a basis for federal habeas relief. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67-8 (1991) ; *Pulley v. Harris*, 465 U.S. 371, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n. 8 (3d Cir. 2001); *Gibbs v. Carroll*, 490 F. Supp. 2d 550, 555 (D. Del. 2007) ("Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues."). The Delaware Supreme Court considered the merits of Woods' claims under governing state law; it determined that Woods was not entitled to the time he claimed was erroneously omitted. *See Woods I* at *5. Because

2

resolution of Woods' claims rested on state law, he cannot claim them as bases for federal intervention. *See Dahms v. McGuigan*, 2006 U.S. Dist. LEXIS 21991, *4-5 (D. Del. 2006) "(In essence, Dahms is challenging the Delaware Supreme Court's interpretation of state law, which fails to present an issue cognizable on federal habeas review."). Accordingly, the petition must be dismissed.

Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Date:  April 14, 2008

LEXSEE



Analysis
As of: Apr 14, 2008

## DANIEL M. WOODS, Petitioner Below-Appellant, v. RAPHAEL WILLIAMS (WARDEN) and BOARD OF PAROLE, Respondents Below-Appellees.

### No. 2, 2007

### SUPREME COURT OF DELAWARE

### 2007 Del. LEXIS 110

### February 15, 2007, Submitted
### March 15, 2007, Decided

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Subsequent appeal at Woods v. State, 2008 Del. LEXIS 52 (Del., Feb. 4, 2008)

**PRIOR HISTORY:**    Court Below--Superior Court of the State of Delaware in and for New Castle County. C.A. No. 05M-08-042.
Woods v. Holden, 2005 Del. LEXIS 367 (Del., Sept. 20, 2005)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant inmate sought a writ of mandamus in the New Castle County Superior Court (Delaware) claiming appellee Board of Parole and warden lacked jurisdiction to revoke his good time credits and improperly aggregated two sentences for purposes of calculating good time credits. He also sought the appointment of counsel and an injunction. The trial court granted appellees' summary judgment motion, and the inmate appealed.

**OVERVIEW:** The inmate's parole was twice revoked, and he was returned to prison each time. The supreme court held his claim that the Board of Parole lacked jurisdiction to revoke his parole, revoke his good time credits and re-impose his sentences upon finding he vio-

lated parole was without merit. His good time credits did not "vest" after the completion of the sentence imposed for each crime. Moreover, the warden and the Department of Correction (DOC) could aggregate his sentences for purposes of calculating good time credits. His petition for a writ of mandamus directed to the Board failed in light of the Board's discretionary decision-making power and because he did not show any failure to perform a duty to which he had a clear legal right as to the warden Williams and DOC. Viewing the undisputed material facts in the light most favorable to the inmate, the trial court properly granted summary judgment to appellees. The inmate's brief was manifestly without merit because the issues presented on appeal were controlled by settled Delaware law and, to the extent that judicial discretion was implicated, there was no abuse of discretion.

**OUTCOME:** Appellees' motion to affirm was granted, and the trial court's judgment was affirmed.

**CORE TERMS:** parole, time credits, sentence, summary judgment, revoke, opening brief, respondents-appellees', appointment of counsel, writ of mandamus, injunction, new charges, failed to report, sentence imposed, purposes of calculating, clear legal right, material fact, abuse of discretion, discretionary, incarcerated, completion, sentenced, re-impose, favorable, manifest, arrested, mandamus, revoked, viewing, inmate

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Postconviction Proceedings > Parole*

[HN1]Under Delaware law, when an inmate is paroled, he remains on parole until the maximum expiration date of his sentence. Del. Code Ann. tit. 11, § 4347(i). If the inmate violates the conditions of his parole, the Board of Parole has the authority to revoke his parole, revoke his good time credits and re-impose his sentences. Del. Code Ann. tit. 11, § 4352(d).

*Civil Procedure > Remedies > Writs > Common Law Writs > Mandamus*
*Criminal Law & Procedure > Postconviction Proceedings > Parole*

[HN2]A writ of mandamus is an extraordinary remedy issued by a court to compel a lower tribunal, public official or agency to perform a non-discretionary duty to which the petitioner has a clear legal right. It is well-settled that the decisions of the Board of Parole are discretionary and, therefore, not subject to mandamus relief.

*Civil Procedure > Summary Judgment > Appellate Review > Standards of Review*

[HN3]A trial court's grant of summary judgment is reviewed de novo. The reviewing court will affirm the trial court's grant of summary judgment when, viewing the facts and the inferences therefrom in the light most favorable to the non-moving party, there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

**OPINION BY:** Randy J. Holland

**OPINION**

**ORDER**

This 15th day of March 2007, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:

(1) The petitioner-appellant, Daniel M. Woods, filed an appeal from the Superior Court's December 20, 2006, order granting the summary judgment motion of the respondents-appellees, Raphael Williams and the Board of Parole, and denying his motions for the appointment of counsel and for an injunction. The respondents-appellees have moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening

brief that the appeal is without merit. [1] We agree and affirm.

    1  Supr. Ct. R. 25(a).

[*2] (2) The record reflects that, in 1981 and 1982, Woods was convicted of Conspiracy, Criminal Trespass, Burglary, Felony Theft, Misdemeanor Theft, Conspiracy and Unauthorized Use of a Vehicle. Woods was sentenced and remained incarcerated between June 1981 and April 1989, at which time he was released on parole.

(3) In 1990, Woods violated the conditions of his parole by being arrested on new charges. The Board of Parole (the "Board") also found that he failed to report to his parole officer and failed to report a change of address/employment. The Board revoked Woods' parole as well as his good time credits and ordered him to serve the balance of his sentence. Woods remained incarcerated until September 2002, at which time he was again released on parole. In August 2004, Woods was arrested on new charges and the Board again revoked his parole and good time credits and ordered him to serve the balance of his sentence.

(4) In August 2005, Woods filed a petition for a writ of mandamus in the Superior Court claiming that the Board lacked jurisdiction to revoke his good time credits because they had "vested" after the completion of the sentence imposed for each individual offense. Woods [*3] also claimed that Williams and the Department of Correction ("DOC") improperly aggregated his 1981 and 1982 sentences for purposes of calculating his good time credits. Following discovery, Woods' petition was scheduled for a one-day jury trial in the Superior Court. Prior to trial, the Superior Court granted the respondents' motion for summary judgment.

(5) In this appeal, Woods claims that the Superior Court erred and abused its discretion by granting the motion for summary judgment and denying his motions for the appointment of counsel and an injunction. He argues that he is entitled to a writ of mandamus and requests reversal of the Board's decision, an evidentiary hearing to determine the good time credits to which he is entitled, appointment of counsel, and suspension of all sentences affected by the Board's violation of his rights.

(6) Woods was sentenced prior to the enactment of the Truth-in-Sentencing Act, rendering him eligible for parole consideration. [2] [HN1]Under Delaware law, when an inmate is paroled, he remains on parole until the maximum expiration date of his sentence. [3] If the inmate violates the conditions of his parole, the Board has the authority to revoke his [*4] parole, revoke his good time credits and re-impose his sentences. [4]

2  Del. Code Ann. tit. 11, 4354; *Crosby v. State,* 824 A.2d 894, 899 (Del. 2003).
3  Del. Code Ann. tit. 11, 4347(i); *Hall v. Carr,* 692 A.2d 888, 892 (Del. 1997).
4  Del. Code Ann. tit. 11, 4352(d); *Snyder v. Andrews,* 708 A.2d 237, 245 (Del. 1998).

(7) [HN2]A writ of mandamus is an extraordinary remedy issued by a court to compel a lower tribunal, public official or agency to perform a non-discretionary duty to which the petitioner has a clear legal right. [5] It is well-settled that the decisions of the Board of Parole are discretionary and, therefore, not subject to mandamus relief. [6]

5  *In re Bordley,* 545 A.2d 619, 620 (Del. 1988).
6  *Semick v. Dept. of Corrections,* 477 A.2d 707, 708 (Del. 1984).

[*5]  (8) [HN3]We review a trial court's grant of summary judgment de novo. [7] We will affirm the trial court's grant of summary judgment when, viewing the facts and the inferences therefrom in the light most favorable to the non-moving party, there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. [8]

7  *Merrill v. Crothall-American, Inc.,* 606 A.2d 96, 99 (Del. 1992).
8  *Burkhart v. Davies,* 602 A.2d 56, 59 (Del. 1991).

(9) Woods' argument that the Board lacked jurisdiction to revoke his parole, revoke his good time credits and re-impose his Level V sentences upon finding that he had violated his parole is without merit. His good time credits did not "vest" after the completion of the sentence imposed for each individual offense. [9] Moreover, Williams and DOC had the authority to aggregate Woods' sentences for purposes of calculating his good time credits. [10]

9  *Snyder v. Andrews,* 708 A.2d at 245.
[*6]
10  *Snyder v. Andrews,* 708 A.2d at 239.

(10) Woods' petition for a writ of mandamus directed to the Board fails in light of the Board's discretionary decision-making power. Moreover, because Woods has not demonstrated any failure to perform a duty to which he had a clear legal right, his mandamus petition also fails as it pertains to Williams and DOC. Viewing the undisputed material facts in the light most favorable to the respondents-appellees, the Superior Court properly granted their motion for summary judgment. [11]

11  We also find no error or abuse of discretion on the part of the Superior Court in denying Woods' motions for appointment of counsel and for an injunction.

(11) It is manifest on the face of the opening brief that Woods' appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there [*7] was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 25(a), that respondents-appellees' motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. [12]

12  We have reviewed Woods' "motion to amend the reply motion to states motion to affirm," which was filed on February 26, 2007. Because the motion merely restates arguments already contained in Woods' opening brief, it is hereby denied.

BY THE COURT:

/s/ Randy J. Holland

Justice

LEXSEE


Analysis
As of: Apr 14, 2008

**DANIEL M. WOODS, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.**

**No. 540, 2006**

**SUPREME COURT OF DELAWARE**

**2008 Del. LEXIS 52**

**December 7, 2007, Submitted
February 4, 2008, Decided**

**NOTICE:**

THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:** [*1]
Court Below--Superior Court of the State of Delaware, in and for New Castle County. Cr. ID No. 81002879DI. Woods v. Williams, 2007 Del. LEXIS 110 (Del., Mar. 15, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** The New Castle County Superior Court (Delaware) entered a judgment that denied defendant's motion for correction of sentence. Defendant appealed.

**OVERVIEW:** Defendant was convicted of criminal offenses and sentenced. Eventually, defendant was released on parole. Shortly thereafter, the parole board revoked his parole and good time credits, and ordered him to serve the balance of his sentence. He remained incarcerated for several years until he was again released on parole. The parole board again revoked his parole and good time credits, and ordered him to serve the balance of his sentence. Defendant then filed a petition for writ of mandamus in the trial court, and argued, inter alia, that the state corrections department had improperly aggregated his sentences for the purpose of calculating his good time credits. The trial court denied his petition upon its finding that the state corrections department had the authority to aggregate his sentences to determine good time credits. The state supreme court affirmed that decision. Thereafter, he filed a motion to correct his sentence, which the trial court found to be untimely filed. The state supreme court then agreed with the state that the issues defendant raised in his motion had been considered and decided when the state supreme court affirmed the denial of his mandamus petition.

**OUTCOME:** The state supreme court affirmed the trial court's judgment.

**CORE TERMS:** sentence, correction, time credits, parole, mandamus petition, issues presented, supplemental, incarcerated, aggregated, revoked, affirming

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

**OPINION BY:** Randy J. Holland

**OPINION**

**ORDER**

This 4th day of February 2008, upon consideration of the parties' briefs, supplemental memoranda, and the Superior Court record [1] in this appeal from the denial of the appellant's motion for correction of sentence, it appears to the Court that:

1    The Court reviewed the available Superior Court record in *State v. Woods,* Del. Super., Cr. ID No. 81002879DI and the record in the related Superior Court case *Woods v. Williams,* Del. Super., C.A. No. 05M-08-042.

(1) In 1981 and 1982, the appellant, Daniel M. Woods, was convicted of criminal offenses and was sentenced. Woods remained incarcerated between 1981 and 1989, at which time he was released on parole.

(2) In 1990, the Board of Parole ("the Board") revoked Woods' parole and good time credits and ordered that he serve the balance of his sentence. Woods remained incarcerated until September 2002 when he was again released on parole. In 2004, the Board again revoked Woods' parole and good time credits and ordered that he serve the balance of his sentence.

(3) [*2] In August 2005, Woods filed a petition for a writ of mandamus in the Superior Court. [2] Woods claimed, first, that the Board was without jurisdiction to revoke his good time credits. Second, Woods claimed that the Department of Correction had improperly aggregated his sentences for the purpose of calculating his good time credits.

2    *Woods v. Williams,* Del. Super., C.A. No. 05M-08-042.

(4) By order dated December 20, 2006, the Superior Court denied Woods' mandamus petition. As part of that decision, the Superior Court concluded that the Department of Correction had the authority to aggregate Woods' sentences for the purpose of determining his good time credits. Woods filed an appeal. [3] By order dated March 15, 2007, this Court affirmed the Superior Court's December 20, 2006 decision. [4]

3    *Woods v. Williams,* Del. Supr., No. 2, 2007, 2007 Del. LEXIS 110 .
4    *Woods v. Williams,* 2007 Del. LEXIS 110, 2007 WL 773383 (Del. Supr.).

(5) In June 2006, Woods filed a "motion for correction and credit of an illegal sentence." In August 2006, Woods filed a "motion for correction of sentence." In both motions, Woods repeated the claim that the De-

partment of Correction had improperly aggregated his sentences to calculate his good time credits. [5]

5    Woods' [*3] June 2006 "motion for correction and credit of an illegal sentence" was referred to the Superior Court judge who was assigned the mandamus petition. Woods' August 2006 "motion for correction of sentence" was referred to a different Superior Court judge.

(6) By order dated September 20, 2006, the Superior Court denied the "motion for correction of sentence" as untimely under Superior Court Criminal Rule 35(a) and (b). [6] This appeal followed. In its December 20, 2006 decision, the Superior Court declined to address the "motion for correction and credit of an illegal sentence" on the basis that the issues presented in that motion were decided on September 20, 2006.

6    *See* Del. Super. Ct. Crim. R. 35(a), (b) (providing that, under normal circumstances, a motion for correction of a sentence imposed in an illegal manner must be filed within ninety days of the sentencing order).

(7) On March 19, 2007, the State filed a letter suggesting that the Court's March 15, 2007 decision affirming the denial of Woods' mandamus petition resolved the issues presented in this appeal from the denial of Woods' "motion for correction of sentence." The Court has carefully reviewed the parties' briefs, supplemental [*4] memoranda, and the relevant Superior Court record and agrees that the issues raised in this appeal were considered and decided by the Court in its March 15, 2007 decision affirming the denial of Woods' mandamus petition. [7]

7    *See Black v. State,* 2005 Del. LEXIS 278, 2005 WL 1950203 (Del. Supr.) (citing *Brittingham v. State,* 705 A.2d 577, 579 (Del. 1998)) (discussing the "law of the case" doctrine).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Randy J. Holland

Justice

LEXSEE



Analysis
As of: Apr 14, 2008

**HAROLD P. SCOTT, Petitioner, v. ELIZABETH BURRIS, Acting Warden, and
JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, Respondents. [1]**

> 1   Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case, and Acting Warden Elizabeth Burris assumed office in September 2007, replacing former Warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Civil Action No. 06-779-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2008 U.S. Dist. LEXIS 13523**

**February 21, 2008, Decided**

**PRIOR HISTORY:** Scott v. Carroll, 2005 U.S. Dist. LEXIS 20529 (D. Del., Sept. 21, 2005)

**CORE TERMS:** limitations period, probation, equitable tolling, sentence, appealability, certificate, tolling, habeas corpus, collateral review, post-conviction, habeas petitions, period of limitations, violation of probation, time-barred, expiration, modification of sentence, properly filed, extraordinary circumstance, non-compliant, equitably, debatable, jurists, toll, reasons discussed, conviction became final, state prisoners, statute of limitations, filing date, begins to run, direct review

**COUNSEL:** [*1] Harold Pete Scott. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

[2]

> 2   This case was originally assigned to the Vacant Judgeship and re-assigned to the undersigned on February 1, 2008.

February 21, 2008

Wilmington, Delaware

**Joseph J. Farnan, Jr., District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Harold P. Scott ("Petitioner"). (D.I. 11.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 15, 1998, a Delaware Superior Court jury found Petitioner guilty of second degree burglary and theft. *State v. Scott,* 1998 Del. Super. LEXIS 404, 1998 WL 729605 (Del. Super. Ct. June 24, 1998) (Mem. Order Petitioner's motion for judgment of acquittal). The Superior Court sentenced Petitioner to a total of nine years of incarceration at Level V, suspended after five

years for a total of four years at a halfway [*2] house and probation. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. *Scott v. State,* 1999 Del. LEXIS 129, 1999 WL 415804 (Del. Apr. 29, 1999).

On August 2, 1999, Scott filed in the Delaware Superior Court a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the motion on September 20, 1999. *State v. Scott,* 1999 Del. Super. LEXIS 491, 1999 WL 1240816 (Del. Super. Ct. Sept. 20, 1999). Petitioner did not appeal the Superior Court's judgment.

Beginning in November 2002, Petitioner filed in the Superior Court a series of petitions for a writ of habeas corpus. The Superior Court denied the petitions, and Petitioner did not appeal those decisions. *See generally* (D.I. 25, Del. Super. Ct. Dkt. in ID 96129112949).

A violation of probation report was filed in the Superior Court in November 2003. Following a court-ordered psychiatric evaluation of Petitioner, the Superior Court held a violation of probation hearing on April 30, 2004, and revoked Petitioner's probation after finding that Petitioner had violated the terms of his probation. The Superior Court re-imposed a two-year sentence, with the first six months to [*3] be served at Level V, suspended after six months for decreasing levels of probation. (D.I. 25, Violation of Probation Sentence Order in *State v. Scott,* ID 9612012949 (Del. Super. Ct. April 30, 2004).) Petitioner did not appeal that decision.

In August 2004, Petitioner's Level III probation officer filed an administrative warrant. On September 8, 2004, after a hearing, Petitioner was again found to have violated the terms of his probation. The Superior Court revoked Petitioner's probation and re-sentenced him to three years of Level V imprisonment with no probation to follow. (D.I. 25, Violation of Probation Sentence Order in *State v. Scott,* ID 9612012949 (Del. Super. Ct. Sept. 8, 2004).)

On January 13, 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 25, Del. Super. Ct. Crim. Dkt., Entry No. 79.) The Superior Court rejected the Rule 61 motion as non-compliant on January 26, 2006. *Id.* at No. 83. Then, on March 16, 2006, the Superior Court treated the rejected Rule 61 motion as a Rule 35 motion for modification of sentence, determined that Petitioner was not amenable to probation, and denied the motion. [*4] *Id.* at No. 85.

In December 2006, Petitioner filed in this Court a form used for actions filed pursuant to 42 U.S.C. § 1983, but the form asserted habeas claims under 28 U.S.C. § 2254. The Court sent Petitioner the correct form for a § 2254 petition, and Petitioner filed an amended Petition in February 2007. Although not entirely clear, Petitioner appears to argue that he should be on probation as originally provided in his 1998 sentence, and therefore, his present incarceration at Level V is unconstitutional. (D.I. 11.)

Respondents filed an Answer requesting the Court to dismiss the Petition as untimely. (D.I. 19.) Petitioner filed an unintelligible Response. (D.I. 22.) The Petition is ready for review.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date [*5] on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in 2006, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh,* 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of §

2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244 (d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court [*6] judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Petitioner for his violation of probation on September 8, 2004, and he did not appeal. Therefore, petitioner's violation of probation conviction became final on October 8, 2004. See Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Petitioner had to file his § 2254 application by October 10, 2005. [3] See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

> [3]    Because the last day of the AEDPA's limitations period fell on a Saturday, Petitioner had until Monday, October 10, 2005 to file his Petition. See Fed. R. Civ. P. 6(a).

Petitioner did not file his Petition until December 15, 2006, [4] approximately one year and two months after AEDPA's statute of limitations expired. Thus, the [*7] Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

> [4]    It is well-settled that a prisoner's pro se habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Therefore, the Court adopts December 15, 2006, the date contained on Petitioner's initial § 1983 form containing habeas claims, as the filing date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 U.S. Dist. LEXIS 8867, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period [*8] of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed application for State collateral review will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 U.S. Dist. LEXIS 17911, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

In this case, Petitioner's Rule 61 motion does not trigger the statutory tolling doctrine. First, the Rule 61 motion was not a "properly filed" application for State collateral review because the Superior Court rejected the Rule 61 motion as non-compliant. See, e.g., Austin v. Carroll, 224 Fed. Appx. 161, 163-65 (3d Cir. 2007) (non-precedential). Second, Petitioner filed the Rule 61 motion after the AEDPA's limitations period had already expired. Finally, even though the Superior Court treated the non-compliant Rule 61 motion as a Rule 35 motion for modification of sentence, the Rule 35 motion does not have any tolling effect because it was [*9] still filed after the expiration of the AEDPA's limitations period. [5] Therefore, the statutory tolling doctrine does not render the Petition timely.

> [5]    In Hartmann v. Carroll, 492 F.3d 478, 481 (3d Cir. 2007), the Third Circuit held that a Rule 35 motion for modification of sentence will only toll the limitations period if the motion challenges the lawfulness of the petitioner's sentence and does not seek discretionary relief based on mercy and grace. Here, the State record does not indicate if Petitioner's Rule 35 motion sought discretionary relief based on mercy and grace, or whether it challenged the lawfulness of Petitioner's sentence. However, the fact that the Rule 35 motion was not filed within the AEDPA's one-year limitations period eliminates the need to determine if Petitioner's Rule 35 motion constituted a State court application for collateral review.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable

tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised  [*10] reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner,* 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;

> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Brinson v. Vaughn,* 398 F.3d 225, 231 (3d Cir. 2005) (equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court does not discern, any extraordinary circumstance justifying equitable tolling. To the extent Petitioner made a mistake regarding his computation of the AEDPA's statute of limitations, that mistake does not warrant equitably tolling the limitations period. *See LaCava v. Kyler,* 398 F.3d 271, 276 (3d Cir. 2005)("in  [*11] non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citation omitted); *Simpson v. Snyder,* 2002 U.S. Dist. LEXIS 9204, 2002 WL 1000094, at *3 (D. Del. May 14, 2002) (a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of  [*12] appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 11.)

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 21 day of February, 2008, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Harold P. Scott's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (D.I. 11.) is *DISMISSED,* and the relief requested therein is *DENIED.*

2. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

/s/  [*13] Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

LEXSEE



Analysis
As of: Apr 14, 2008

**JONATHAN G. DAHMS, Petitioner v. LARRY McGUIGAN, Warden, Respondent**

**Civ. A. No. 04-1390-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2006 U.S. Dist. LEXIS 21991**

**March 30, 2006, Decided**

**PRIOR HISTORY:** Dahms v. State, 2004 Del. LEXIS 357 (Del., Aug. 17, 2004)

**CORE TERMS:** state law, federal habeas, appealability, certificate, probation, sentence, cognizable, degree robbery, imprisonment, felony, guards, habeas petition, habeas corpus, grand jury, violent felonies, modification of sentence, statutory limits, indictment, suspended, excessive, debatable, jurists, players

**COUNSEL:** [*1] Jonathan G. Dahms. Pro se petitioner.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

**JUDGES:** George M. Sleet, UNITED STATES DISTRICT JUDGE

**OPINION BY:** George M. Sleet

**OPINION**

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Petitioner Jonathan G. Dahms ("Dahms") filed the pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons that follow, the court will dismiss his petition.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

On February 22, 2002, Dahms entered the Boscov Department Store in Newark, Delaware. By video surveillance, security watched Dahms take two DVD players and walk beyond the cash registers without paying for them. Two security officers confronted Dahms outside the store. He refused to relinquish the merchandise, and the guards attempted to restrain him. At this point, the three men began to struggle.

Dahms' wife, Tracy, drove to the curb near the three men. Dahms yelled to her to "get the gun." Tracy came out of the car, brandishing a dark colored revolver and telling the security guards, "If you don't let him go I am going to [*2] f  ing kill you." The guards moved away from Dahms. Dahms dropped the DVD players, jumped into the car, and fled the scene. During the struggle, Dahms had lost both his jacket and his sweatshirt, and a search of the jacked revealed a crack pipe.

In April 2002, the grand jury indicted Dahms, charging him with two counts of attempted first degree robbery, possession of a firearm during the commission of a felony, second degree conspiracy, and possession of drug paraphernalia. In May 2003, the grand jury returned a superseding indictment, adding Dahms' wife to the indictment. While his prosecution was pending, the Delaware General Assembly proposed an amendment to the Delaware probation statute, Del. Code Ann. tit. 11, § 4333. (D.I. 10) The proposed amendment reduced the maximum probation term that could be imposed for violent felonies under 11 Del. Code Ann. tit. 11, § 4201(c) to two (2) years. The amendment went into effect June 1, 2003. *See* Del. Code Ann. tit. 11, § 4333 (2005)(Revisor's note).

On June 10, 2003, the day that trial was to begin, Dahms pled guilty to attempted first degree robbery, which is categorized as a violent felony under section 4201(c). In exchange, [*3] the prosecution entered a nolle prosequi on the remaining charges. Dahms was immediately sentenced to eight years of imprisonment at Level V, suspended after three years for three years at Level IV, suspended in turn after six months for a total of two years at Level III and II.

Dahms did not appeal the conviction or sentence. Rather, he presented three separate motions for modification of sentence to the Superior Court, which the court denied. Dahms only appealed the denial of this third motion for modification of sentence. The Delaware Supreme Court affirmed the Superior Court's decision. *See Dahms v. State,* 858 A.2d 960 (Table), 2004 Del. LEXIS 357, 2004 WL 1874650 (Del. Aug. 17, 2004).

### III. DISCUSSION

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. *Estelle v. McGuire,* 502 U.S. 62, 67-8, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S. Ct. 871, 79 L. Ed. 2d 29 (1984); [*4] *Riley v. Taylor,* 277 F.3d 261, 310 n.8 (3d Cir. 2001). Therefore, claims based on a state court's sentencing decision are not normally cognizable on federal habeas review unless the petitioner demonstrates that the sentence exceeds statutory limits or was imposed in violation of a right guaranteed by the Federal Constitution. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S. Ct. 1252, 92 L. Ed. 1690 (1948).

Dahms' habeas petition asserts that his sentence is excessive because the five year probationary period violates the current probation statute. The Delaware Supreme Court denied this claim after determining that the amendment to the probation statute did not apply to crimes committed before the effective date of the amendment. *See Dahms,* 858 A.2d 960, 2004 Del. LEXIS 357, 2004 WL 1874650, at * 1. The Delaware Supreme Court reached this conclusion by applying Delaware's savings clause statute. *Id.*

Dahms' assertion that his sentence is excessive under state law actually hinges on the applicability of the June 1, 2003 statutory amendment to his case. In essence, Dahms is challenging the Delaware Supreme Court's interpretation of state law, which fails to present an issue cognizable on federal habeas [*5] review. Further, the sentence imposed on Dahms was within state statutory limits, [1] and Dahms does not allege a violation of Federal law. The court concludes that Dahms' sole claim fails to assert an issue cognizable on federal habeas review. Accordingly, the court will dismiss Dahms' petition.

> 1    At the time of Dahms' offense, first degree robbery was classified as a Class B felony. Del. Code Ann. tit. 11, § 832 (Repl. 2001). A class B felony is punishable by not less than 2 and not more than 20 years imprisonment. Del. Code Ann. tit. 11, § 4205(b)(2)(Repl. 2001). Additionally, state law permitted the Superior Court judge to impose a term of imprisonment and suspend, for probation, a portion of the prison term. Del. Code Ann. tit. 11, § 4204(c)(7)(Repl. 2001).

### IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate [*6] of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

The court concludes that Dahms' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

### V. CONCLUSION

For the reasons stated, Dahms' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Jonathan G. Dahms' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: March 30, 2006

Wilmington, Delaware

George M. Sleet

2006 U.S. Dist. LEXIS 21991, *

[*7]  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2008, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on April 14,

2008, I have mailed by United States Postal Service, the same documents to the following

non-registered participant:

> Daniel M. Woods
> SBI No. 00164728
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Date:  April 14, 2008