IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL M. WOODS, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | :   Civ. Act. No. 07-347-JJF |
| | : |
| PERRY PHELPS, Warden, and | : |
| ATTORNEY GENERAL OF THE STATE | : |
| OF DELAWARE, | : |
| | : |
| Respondents. | : |

_____

Daniel M. Woods.  Pro se Petitioner.

Kevin M. Carroll, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondents.

_____

MEMORANDUM OPINION

September 30th, 2008
Wilmington, Delaware

Joseph J. Farnan Jr.
Farnan, District Judge

Petitioner Daniel M. Woods' ("Petitioner") Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") is pending before the Court. (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In 1981 and 1982, Petitioner was convicted in the Delaware Superior Court of conspiracy, criminal trespass, burglary, felony theft, misdemeanor theft, conspiracy, and unauthorized use of a vehicle. The Superior Court sentenced Petitioner to a total of sixteen years and three months. Petitioner was incarcerated from June 25, 1981 until April 27, 1989, at which time he was released on parole. See Woods v. Williams, C.A. No. 05M-08-042, Letter Order (Del. Super. Ct. Dec. 20, 2006).

In January 1990, Petitioner was arrested after committing new offenses. Petitioner pled guilty in the Delaware Superior Court on March 29, 1990 to multiple counts of second degree burglary. The Superior Court sentenced Petitioner on June 1, 1990, to thirty-four years in prison, suspended after thirty years, for decreasing levels of supervision. Petitioner did not file a direct appeal with the Delaware Supreme Court. See Woods

---

[1]The Court has appended Respondent's Answer to this Memorandum Opinion as Exhibit A to place in context Respondents' view of the merits of the instant Petition.

1

v. Kearney, 215 F. Supp. 2d 458 (D. Del. 2002). He remained in
prison until paroled on September 19, 2002.

On August 10, 2004, Petitioner was arrested on new charges.
On November 10, 2004, the Board of Parole ("Board") found that
Petitioner had violated the conditions of his parole and ordered
him to serve the balance of his previous sentence. See Woods v.
Holden, 884 A.2d 512 (Table), 2005 WL 1923078 (Del. Sept. 20,
2005). The Board also revoked his good time credits and ordered
Petitioner to serve the time he was in "absconder" status from
July 26, 2004 to August 10, 2004. Id.; See also (D.I. 3, at
B43.)

As for the new charges that caused Petitioner's revocation
of parole, Petitioner pled guilty on February 9, 2005 to two
counts of second degree burglary and felony theft. The Superior
Court sentenced him that same day to eighteen years in prison,
suspended after three years, for decreasing levels of probation.
See Woods, 2005 WL 1923078. Petitioner filed a motion for
correction of sentence on May 4, 2005, requesting credit for time
served while waiting for sentencing. See (D.I. 3, at B65.) The
Superior Court denied the motion on May 10, 2005 because the
sentenced issued by the state court on February 9, 2005 credited
Petitioner for the 163 days previously served in its sentence.
Id.

The procedural history with respect to Petitioner's 2004

2

revocation of parole is extremely convoluted. On March 29, 2005, Petitioner filed in the Delaware Superior Court a petition for a writ of habeas corpus, arguing that the Board had no authority to revoke his good time on sentences he had already completed serving. See Woods, 2005 WL 1923078. The Superior Court denied the petition, Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Id.

Petitioner also filed a petition for a writ of mandamus in the Superior Court on August 10, 2005, arguing that the Board lacked jurisdiction to revoke his parole and good time credits when he violated parole in 1989 and 2004, and that the Board lacked jurisdiction to reimpose his Level V sentences. See Woods v. Williams, 922 A.2d 416 (Table), 2007 WL 773383 (Del. Mar. 15, 2007). The Superior Court denied the petition for mandamus on December 20, 2006. On March 15, 2007, the Delaware Supreme Court affirmed the Superior Court's decision denying Petitioner's mandamus action. Id.

During the pendency of the mandamus proceeding, Petitioner filed additional motions challenging his sentences. First, on June 26, 2006, Petitioner filed a motion to correct sentence, arguing that he was not credited for good time on his 1981 and 1982 sentences. Petitioner also argued that the Delaware Department of Correction had not complied with his February 2005 sentencing order because it still had not credited him the 163

3

days for time served. <u>See</u> (D.I. 33, App. to Appellant's Br. in <u>Woods v. Williams</u>, No.2,2007, dated Feb. 6, 1007, at B46.) Petitioner asked for the motion to be forwarded to the judge considering Petitioner's mandamus proceeding that was initiated in August 2005. However, the case was not forwarded to that particular judge, and on September 20, 2006, the Superior Court denied Petitioner's June 2006 motion for correction and credit of illegal sentence as time-barred; the Superior Court determined that the motion was actually a motion for reduction of sentence filed under Rule 35(b), and that it was filed more than 90 days after the imposition of sentence. <u>See</u> (D.I. 33, App. To Appellant's Br. in <u>Woods v. Williams</u>, No.2, 2007, dated Feb. 2, 2007, at B7.)

On August 14, 2006, while his June 2006 motion for correction of sentence was still pending, Petitioner filed a second motion for correction and credit of sentence, asserting the same arguments raised in his June 2006 motion. <u>See</u> (D.I. 33, attached to Appellant's Op. Br. in <u>Woods v. State</u>, No.540,2006 dated Oct. 13, 2006.) In an affidavit dated September 7, 2006, a supervisor from the records department filed an affidavit stating that Petitioner was not eligible for the 163 day credit because he was serving a sentence for a violation of parole during that time period. (D.I. 33, Appellant's Resp. in <u>Woods v. State</u>, Doc. No. 540,2006, dated Jan. 12, 2007, at Exh. B.) Thereafter, on

4

October 16, 2006, the Superior Court denied Petitioner's August motion for correction and credit of an illegal sentence, stating that it lacked jurisdiction to review the sentences imposed by other courts (i.e., the 1981 and 1982 sentences), and also stating that his claim for the 163 day credit was denied for the reasons set forth in the Superior Court's letter order dated May 10, 2005. Id. at Exh. C.

Petitioner appealed the Superior Court's denial of both motions for correction of sentence. On February 4, 2008, the Delaware Supreme Court affirmed both of the Superior Court's decisions pursuant to the "law of the case" doctrine after determining that it had already considered and decided the issues raised by Petitioner in its March 15, 2007 decision (Woods, 2007 WL 773383) affirming the denial of Petitioner's mandamus petition. Woods v. State, 2008 WL 313787 (Del. Feb. 4, 2008).

Petitioner filed the instant Petition on May 31, 2007. The State filed an Answer, arguing the Petition should be dismissed as untimely, and alternatively, that the claims asserted therein should be dismissed because they assert issues of state law that are not cognizable on federal habeas review. (D.I. 27.) The Petition is ready for review.

## II. STANDARD OF REVIEW

If a petitioner presents a federal district court with a federal habeas claim that the state's highest court adjudicated

on the merits, then the district court must review the habeas claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision is an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); Williams v. Taylor, 529 U.S. 362, 412 (2000); Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001). Additionally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000); Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner asserts the following claims: (1) Petitioner's 1981 sentence has not been credited with two months time served;

6

(2) the Board of Parole violated Petitioner's right to be
protected against Double Jeopardy with respect to Petitioner's
1990 violation of parole when it ordered the removal of all of
Petitioner's good time credits earned up through August 4, 1981;
(3) in 1981, the Delaware Department of Correction increased
Petitioner's sentence by nine days and did not discover the error
until 2005; (4) the Department of Correction has not credited
Petitioner's 2005 sentence with 163 days for time served; and (5)
the re-imposition of Petitioner's 1981 sentence for his 1990
parole revocation, as well as the removal of all good time
credits earned through August 4, 1981, constituted a Double
Jeopardy violation as well as a Due Process and Ex Post Facto
violation.[2]

## A. Claims One, Two, Three, and Five are Time-Barred

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") was signed into law by the President on April 23, 1996,
and habeas petitions filed in federal courts after this date must
comply with the AEDPA's requirements. See generally Lindh v.
Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-
year period of limitations for the filing of habeas petitions by
state prisoners, which begins to run from the latest of:

    (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the time

_____

[2]The claims are presented in the order asserted by
Petitioner in his Memorandum in Support. See (D.I. 4.)

7

for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of the
Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has
been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the
exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition, filed in May 2007, is subject to the one-year

limitations period contained in § 2244(d)(1). See Lindh, 521

U.S. at 336. Petitioner does not allege, nor can the Court

discern, any facts triggering the application of § 2244(d)(1)(B)

or (C). Although Petitioner argues that he did not discover the

basis for his claims until his parole hearing and sentencing in

2005, the Court concludes that § 2244(d)(1)(D) does not trigger a

later limitations starting date for Claims One, Two, Three, and

Five, because those claims assert errors in sentencing credits

with respect to Petitioner's 1981 conviction and his 1990

revocation of parole, and presumably, Petitioner would have

discovered such errors earlier than 2005 had he exercised due

diligence.³  See (D.I. 30.)  Accordingly, the one-year period of

---

³The Third Circuit Court of Appeals has held that the
AEDPA's one-year statute of limitations is to be applied on a
claim-by-claim basis, rather than applied to the application as a

8

limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). If a petitioner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas applications, thereby

---

whole, with the latest accruing claim governing the timing of filing. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004). As explained in the text of the Opinion, Claims One, Two, Three, and Five are time-barred because they assert errors arising from the sentencing for Petitioner's 1981 conviction and his 1990 revocation of parole. In contrast, however, Claim Four asserts an error arising from Petitioner's sentencing for his 2005 conviction for second degree burglary and theft, and the statutory tolling resulting from Petitioner's numerous post-conviction filings with respect to that conviction renders Claim Four timely filed.

extending the filing period through April 23, 1997.[4]  See McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007);  Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004);  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

In this case, Claims One, Two, Three, and Five allege sentencing errors with respect to Petitioner's conviction in 1981 and/or his revocation of parole in 1990.  Petitioner appealed his 1981 conviction but he did not appeal his 1990 revocation of parole.  Therefore, Petitioner had until April 23, 1997 to file a federal habeas petition asserting these four claims, because both judgments of conviction became final well before AEDPA's effective date of April 24, 1996.  See § 2244(d)(1)(A);  Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999);  Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999); McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007);  Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004);  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The presumptive date of filing for the Petition is May 24,

---

[4]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases).  Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit.  In the present situation, however, Petitioner filed his Petition well-past either cut-off date, rendering the one-day difference immaterial.

2007, the date of signing.  See Longenette v. Krusing, 322 F.3d
758, 761 (3d Cir. 2003).  Consequently, unless the AEDPA's
limitations period can be statutorily or equitably tolled, Claims
One, Two, Three, and Five are time-barred because the Petition
was filed more than 10 years after the expiration of the AEDPA's
limitations period.  See Jones v. Morton, 195 F.3d 153, 158 (3d
Cir. 1999).

The AEDPA's limitations period will be statutorily tolled
for the time during which "a properly filed application for State
post-conviction or other collateral review with respect to the
pertinent judgment or claim" is pending, including any post-
conviction appeals, provided that the application for collateral
review is filed prior to the expiration of the AEDPA's one-year
period.  See 28 U.S.C. § 2244(d)(2);  Swartz v. Meyers, 204 F.3d
417, 424-25 (3d Cir. 2000);  Price v. Taylor, 2002 WL 31107363,
at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed
Rule 61 motion will only toll the limitations period if it was
filed and pending before the expiration of the AEDPA's
limitations period).  The AEDPA's limitations period will be
equitably tolled only in rare situations and when the petitioner
demonstrates that he "exercised reasonable diligence in
investigating and bringing [the] claims" and that he was
prevented from asserting his rights in some extraordinary way;
mere excusable neglect is insufficient.  Jones, 195 F.3d at 159

11

(3d Cir. 1999)(quoting Midgley, 142 F.3d at 179); Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

After reviewing the record, the Court concludes that neither statutory nor equitable tolling apply in this case. For instance, none of Petitioner's motions for collateral review of his 1981 sentence and his 1990 violation of parole relevant to the issues raised in Claims One, Two, Three, and Five have any statutory tolling effect under § 2244(d)(2) because they were filed well after the AEDPA's limitations period expired in 1997. As for equitable tolling, Petitioner has not alleged, and the Court cannot discern, that any extraordinary circumstances prevented Petitioner from timely asserting Claims One, Two, Three, and Five. Moreover, Petitioner has failed to demonstrate that he exercised the requisite diligence necessary to trigger

12

the equitable tolling doctrine. And finally, to the extent
Petitioner made a mistake in computing the limitations period,
that mistake also does not warrant equitably tolling the
limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d
Cir. 2005)("in non-capital cases, attorney error, miscalculation,
inadequate research, or other mistakes have not been found to
rise to the extraordinary circumstances required for equitable
tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL
1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of
legal knowledge does not constitute an extraordinary circumstance
for equitable tolling purposes). Accordingly, the Court will
dismiss Claims One, Two, Three, and Five as time-barred.

**B.  Claim Four Is Not Cognizable On Federal Habeas Review**

In Claim Four, Petitioner contends that he is entitled to
habeas relief because the Delaware Department of Correction has
not complied with the Superior Court's 2005 sentencing order with
respect to his second degree burglary and felony theft
convictions that specifically required 163 days of credit for
time served. The record reveals that the Superior Court denied
this claim after determining that Petitioner was not eligible to
receive the 163 day sentencing credit under Del. Code Ann., tit.
11, § 3901[5] because he was already serving a sentence for his

---

[5]Section 3901(d) states that "[n]o sentence of confinement
of any criminal defendant by any court of the is State shall be
made to run concurrently with any other sentence of confinement

13

revocation of parole during the relevant time period. <u>See</u> <u>Woods</u> <u>v. Williams</u>, C.A. No. 05M-08-042, Letter Order (Del. Super. Ct. Dec. 20, 2006). The Delaware Supreme Court affirmed that decision after finding that the issue was controlled by settled Delaware law, and that there was no error or abuse of discretion on the part of the Superior Court. <u>Woods</u>, 2007 WL 773383, at *2 n.11.

As a general rule, a state prisoner's right to credit for time served before sentencing is a matter of state law. <u>See</u> <u>Hoover v. Snyder</u>, 904 F. Supp. 232, 234 (D. Del. 1995); <u>Hardy v.</u> <u>Luzerne County</u>, 2007 WL 2253463, at **1-2 (M.D. Pa. Aug. 3, 2007). Moreover, it is well-settled that a district court engaging in federal habeas review must accept a state supreme court's interpretation of state law,[6] and claims asserting a violation of a state law, or challenging a state court's interpretation of state law, do not present cognizable issues for the purpose of federal habeas review. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-8 (1991); <u>Smith v. Phillips</u>, 455 U.S. 209, 211 (1982); <u>Mullaney v. Wilbur</u>, 421 U.S. 684, 691 (1975); <u>Johnson</u> <u>v. Rosemeyer</u>, 117 F.3d 104, 109 (3d Cir. 1997). Accordingly, the Court will deny Claim Four for failing to present an issue cognizable on federal habeas review.

---

imposed on such criminal defendant."

[6]<u>See</u> <u>Bradshaw v. Richey</u>, 546 U.S. 74, 76 (2005).

14

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.   See Third Circuit Local Appellate Rule 22.2.   A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   28 U.S.C. § 2253(c)(2);   Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that Petitioner's habeas claims do not warrant relief.   In the Court's view, reasonable jurists would not find this conclusion to be debatable.   Accordingly, the Court declines to issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.